UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────

AZEEZ POWELL,

                          Plaintiff,                24-cv-7933 (JGK)

         - against -                                MEMORANDUM OPINION
                                                    AND ORDER
OFFICER MULLINGS, ET AL.,
                          Defendants.
────────────────────────────────

JOHN G. KOELTL, District Judge:

The pro se plaintiff, Azeez Powell, brings this action against the City of New York (the "City"), the New York City Department of Correction ("DOC"), and Correction Officers Christopher Mullings, Willy Reyes, Christopher Tauber, Cossett Christian, and Ronald McNair, asserting various claims under 42 U.S.C. § 1983 and pursuant to New York state law arising from an alleged assault on him by the individual defendants on September 6, 2022. See Am. Compl., ECF No. 19.

The City, DOC, and the defendants Reyes, Tauber, and Christian move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See Defs.' Mot. to Dismiss, ECF No. 29. For the reasons explained below, the motions by the City, Reyes, Tauber, and Christian to dismiss Powell's federal claims are **granted without prejudice**; and their motions to dismiss Powell's state-law claims are **granted with prejudice**. DOC's motion to dismiss all claims is **granted with prejudice**. The

claims against Mullings and McNair are not at issue on this motion.

### I.

Unless otherwise noted, the following facts are taken from the Amended Complaint and are accepted as true for purposes of the current motion.

Powell alleges that on September 6, 2022, at approximately 9:30 p.m., correction officers assaulted him without cause during intake at Rikers Island. Am. Compl. 4. According to the Amended Complaint, officers escorted Powell to a search area and directed him to remove his clothing; when he refused, Officer Mullings allegedly sprayed a chemical agent into Powell's face, after which other officers forced Powell to the ground and punched him in the face. Id. While Powell was on the ground, Mullings allegedly sprayed the chemical agent into Powell's ears. Id. Powell denies possessing a weapon at any time during the incident. Id.

Powell further alleges that he suffered personal and physical injuries, including bruising across his body, pain and infection in his right ear, blurry vision, head pain, and that "a bullet that was still in [his] hip shifted."[1] Id. at 5. Powell also claims pain and suffering and emotional harms, including

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

fear and invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation. Id.

On October 18, 2024, Powell commenced this action, seeking one million dollars in damages. Id. On August 1, 2025, the City, DOC, and the defendants Reyes, Tauber, and Christian moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See ECF No. 29.

## II.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This Court accepts the allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). Although the Court must construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

A pro se plaintiff's pleadings are held to "less stringent standards" and must be "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). But the Court may not read into the complaint factual allegations that are not there. Iqbal, 556 U.S. at 678 (2009).

### III.

#### A.

The Amended Complaint names DOC as a defendant and asserts federal and state-law claims against DOC. Am. Compl. 3-5. But DOC is not a suable entity; only the City may be sued. See Sullivan v. City of New York, 690 F. App'x 63, 66 (2d Cir. 2017) (summary order); N.Y.C. Charter § 396. Accordingly, DOC's motion to dismiss all claims against it is **granted with prejudice.**

#### B.

Liberally construed, the Amended Complaint alleges Monell claims against the City based on "negligence in the hiring and

4

retention of incompetent and unfit correction employees, negligence in the supervision, training and instruction of such employees." Am. Compl. 5.

Under Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978), a municipality may be liable under § 1983 only when a plaintiff's injury was caused by a municipal policy or custom. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 810 (1985). A policy or custom may be shown by a failure to train that is so inadequate that it amounts to "deliberate indifference to the rights" of persons with whom municipal employees come into contact. Walker v. City of New York, 974 F.2d 293, 297 (2d Cir. 1992) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)). However, "conclusory allegations that the City's policy, custom, practice, or failure to train its employees led to [the plaintiff's] constitutional rights being violated are insufficient to survive a motion to dismiss." Cotto v. City of New York, 803 F. App'x 500, 504 (2d Cir. 2020) (summary order); see also Carpinone v. City of New York, No. 11-cv-2074, 2012 WL 760073, at *2 (S.D.N.Y. Mar. 9, 2012).

In this case, Powell pleads no facts suggesting a policy, custom, pattern of similar incidents, or training deficiencies reflecting deliberate indifference. Instead, the Monell claim consists of a bare recitation of negligent hiring, retention, supervision, and training. See Am. Compl. 5. Such allegations

are insufficient to state a plausible <u>Monell</u> claim. <u>See</u> <u>Cotto</u>, 803 F. App'x, at *504. Accordingly, the City's motion to dismiss the <u>Monell</u> claim is **granted without prejudice** to the plaintiff's ability to file an amended claim against the City.

C.

Powell alleges, in general terms, § 1983 claims against Reyes, Tauber, and Christian based on an alleged assault and deliberate indifference by correction officers. Am. Compl. 2, 4-5.

Section 1983 provides a cause of action against any person who, acting under color of state law, deprives a person of rights secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. However, to state a claim, a plaintiff must plead the personal involvement of each defendant in the alleged constitutional violation. <u>See</u> <u>Montero v. Travis</u>, 171 F.3d 757, 761-62 (2d Cir. 1999); <u>Sealey v. Giltner</u>, 116 F.3d 47, 51 (2d Cir. 1997).

In this case, the Amended Complaint fails to allege the personal involvement of Officers Reyes, Tauber, and Captain Christian. Although the Amended Complaint asserts that "the other officers that was with them jumped on top of me and started punching [me] in the face," it does not identify those officers or describe any specific actions by Officers Reyes, Tauber, or Captain Christian. Am. Compl. 4. The plaintiff's opposition asserts additional facts – including that all named

6

officers escorted the plaintiff to the search area and that Captain Christian stood outside the area telling others to stop, Pl.'s Resp. to Defs.' Mot. to Dismiss 2, ECF No. 39 – but a party, even when proceeding pro se, may not amend a complaint through briefing. See Shah v. Helen Hayes Hosp., 252 F. App'x 364, 366 (2d Cir. 2007) (summary order); Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998). And the plaintiff's reply brief suggests that he is alleging a claim of failure to intervene against Captain Christian, which is not pleaded in the Amended Complaint.

Because the Amended Complaint does not plead facts showing each defendant's personal involvement, the motions of Reyes, Tauber, and Christian to dismiss Powell's § 1983 claims are **granted without prejudice** to the plaintiff's ability to file an amended complaint with more specific allegations against those defendants.

**D.**

Liberally construed, the Amended Complaint asserts state-law claims against the City and against Reyes, Tauber, and Christian, including negligence; negligent hiring, training, retention, and supervision; respondeat superior liability; intentional infliction of emotional distress; unlawful seizure; false arrest and false imprisonment; and malicious prosecution. Am. Compl. 5.

7

Under New York law, service of a notice of claim is a condition precedent to bringing state-law claims against the City and its employees, and the plaintiff must plead service of that notice. See N.Y. Gen. Mun. Law §§ 50-e, 50-I; Acevedo v. City of New York, No. 24-cv-558, 2025 WL 2802764, at *13 (S.D.N.Y. Oct. 1, 2025). The notice must be served within ninety days after the claim arises, and any action must be commenced within one year and ninety days of the incident. See id. § 50-e(1)(a), § 50-i(1). New York courts strictly construe these requirements, and failure to comply ordinarily warrants dismissal. See Hardy v. N.Y.C. Health & Hosps. Corp., 164 F.3d 789, 793-94 (2d Cir. 1999); Dingle v. City of N.Y., 728 F. Supp. 2d 332, 353 (S.D.N.Y. 2010).

In this case, the Amended Complaint does not allege that Powell served a notice of claim on the City, Reyes, Tauber, or Christian, as required by §§ 50-e and 50-i. Because the incident occurred on September 6, 2022, the ninety-day notice period has long since expired and cannot now be cured. Powell also commenced this action outside the one-year-and-ninety-day limitations period, see N.Y. Gen. Mun. Law § 50-i(1), rendering the state-law claims time-barred. Accordingly, the motions to dismiss Powell's state-law claims are **granted with prejudice**.

8

## IV. CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit.

For the foregoing reasons, the motions of the City, Reyes, Tauber, and Christian to dismiss Powell's federal claims are **granted without prejudice** to Powell's ability to file an amended complaint within **thirty (30) days;** and their motions to dismiss Powell's state-law claims are **granted with prejudice.** DOC's motion to dismiss all claims is **granted with prejudice.**

In the amended complaint, if any, the plaintiff should set forth specific factual allegations as to each named individual defendant and, with respect to the City, facts supporting a municipal policy or custom under <u>Monell</u>. The plaintiff may not reassert claims against DOC, which is not a suable entity. The case remains against Officers Mullings and McNair.

The Clerk is directed to close all pending motions in this case.


SO ORDERED.
Dated:     New York, New York
           December 23, 2025

_____
          John G. Koeltl
   United States District Judge

9